IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

CHRISTOPHER JOHNSON                                                                          PLAINTIFF

VS.                                                            CIVIL ACTION NO. 4:08-cv-00028-MPM-DAS

MICHAEL MERCHANT, ET AL.                                                                 DEFENDANTS

ORDER DENYING MOTION TO COMPEL

Before the court are defendant, Michael Merchant's, motion to compel [Doc. 35]; the plaintiff's response [Doc. 36]; and the defendants' reply [Doc. 37]. The defendant seeks the recorded and written statements of two fact witnesses taken on January 21, 2009. Earlier on September 15, 2008, the defendant propounded interrogatories and requests for production which specifically requested such statements. In his responses, however, the plaintiff objected to the production of such statements on the ground that they were protected by the work product doctrine, among other things. During the deposition of Justin Jenkins on March 11, 2009, the defendant learned of Mr. Jenkins' prior recorded statement. Later, on March 23, 2009, one of the plaintiff's attorneys revealed that a similar recorded statement had been taken from Tiffany Valentine.

The defendant argues that the statements are not work product materials and, alternatively, that any such privilege was waived because of the plaintiff's failure to submit a privilege log. The plaintiff essentially responds that the statements are protected by the work product doctrine and that the defendant has neither shown a substantial need for the information nor undue hardship. Additionally, the plaintiff argues that a privilege log was not required and that sufficient information about the nature of the statements was nonetheless provided in the March 23rd letter.

The court finds that pursuant to FED.R.CIV.P. 26(b)(3), the statements are clearly attorney work product. The court further finds the defendant has failed to meet his burden of establishing a substantial need for the statements in preparation of his case or undue hardship. Lastly, the court finds that the plaintiff has not waived the privilege by failing to provide a privilege log because the defendant knew about the existence and nature of the statements prior to the discovery cutoff.

**THEREFORE, IT IS ORDERED** that the defendant's motion to compel is hereby **DENIED**.

This 28th day of April, 2009.

/s/ David A. Sanders
U. S. MAGISTRATE JUDGE