**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**CHRISTOPHER L. JOHNSON**                                                                                **PLAINTIFF**

**V.**                            **CASE NO. 4:08CV28**

**MICHAEL MERCHANT**
**CITY OF GREENVILLE, MISSISSIPPI**                               **DEFENDANTS**

## ORDER

This cause comes before the court on the motion of defendants, Michael Merchant and City of Greenville, Mississippi, requesting partial summary judgment.

On November 3, 2007, plaintiff, Christopher Johnson, was arrested for public drunkenness and resisting arrest in the aftermath of an early morning bar fight at the Southern Nights nightclub. Johnson is a white male. Black police officers including Michael Merchant arrived on the scene to break up the bar fight.

Johnson claims that after being arrested Merchant punched him in the face three times. Johnson then told the officers he was going to retain an attorney and sue them. Merchant then repeatedly punched Johnson in the head. Later Johnson claims Merchant attacked him on multiple occasions and taunted him with the racial slur, "white boy."

Johnson posted bail and was released the next morning. He later entered a plea deal related to the pending charges.

Johnson filed the instant suit against Merchant alleging excessive force was used against him, that excessive force was used either because of his race[1] or because he exercised his First

---

[1] This racial discrimination claim is not discussed in the motion or subsequent briefing. As such the court makes no determination as to its validity.

Amendment rights, that he was arrested for exercising his First Amendment rights, and state law claims of assault and battery. Johnson's suit alleges the City of Greenville is liable for these acts because of its failure to properly train or supervise its officers.

Defendants filed this motion for partial summary judgment arguing Johnson's claim, brought under 42 U.S.C. § 1983, that he was arrested for exercising his First Amendment rights is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), his claim of assault resulting from his exercise of his First Amendment rights is barred because of a lack of proof of causation, his claim against the City of Greenville for failure to train and supervise is barred because no city policy is implicated, and the state law claims of assault and battery are barred by the Mississippi Tort Claims Act ("MTCA"). Defendants concede Johnson has a viable claim for use of excessive force.

Johnson concedes his claims against the City of Greenville should be dismissed. He also concedes the dismissal of his state law claims against Merchant. He pursues the remaining claims.

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In reviewing the evidence, this Court must draw all reasonable inferences in favor of the nonmoving party, and avoid credibility determinations and weighing of the evidence. *Reeves*

*v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 150, 120 S.Ct. 2097, 2110, 147 L.Ed.2d 105 (2000). In so doing, the Court must disregard all evidence favorable to the moving party that the jury is not required to believe. *Reeves*, 530 U.S. at 151, 120 S.Ct. at 2110.

Defendants assert Johnson can not recover under his claim that he was arrested in retaliation for exercising his right to free speech because such a cause of action would call into question his state law conviction. In *Heck* the Supreme Court ruled that § 1983 claims, for wrongful arrest, were not cognizable unless a plaintiff could prove "the unlawfulness of his conviction or confinement." 512 U.S. at 486. However, this rule only applies where "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction." *Id*. at 487.

Johnson seeks to recover because he was arrested for exercising his right to free speech. He does not deny that the police had probable cause to support his arrest or that his conviction was unlawful. Instead he argues recovery would not invalidate the conviction, but would allow recovery only for the impermissible mental state of the officer who made the arrest.

The Fifth Circuit has not addressed this situation under a *Heck* analysis. However, the Fifth Circuit has clearly stated:

> when a person's conduct gives an officer probable cause to believe that she is guilty of a crime, that person does not taint a proper arrest by contemporaneously shouting 'police officers are corrupt.' Probable cause is an objective standard. If it exists, any argument that the arrestee's speech as opposed to her criminal conduct was the motivation for her arrest must fail, no matter how clearly that speech may be protected by the First Amendment. Of course, this is nothing more than a recognition that 'the Fourth Amendment's concern with 'reasonableness' allows certain actions to be taken in certain circumstances, whatever the subjective intent' of the officer.

*Mesa v. Prejean*, 543 F.3d 264, 273 (5th Cir. 2008) (quoting *Wren v. United States*, 517 U.S. 806, 814 (1996)).

The logic of *Mesa* and *Whren* is applicable in the instant case. Arresting an individual committing a crime is inherently reasonable. Because an officer's actions must be judged in an objective fashion, the court can not separate whatever subjective motivations may have been in play in deciding to arrest Johnson from his objectively reasonable arrest. The state court deemed this arrest to be reasonable and convicted Merchant of the underlying charges. Allowing Merchant to question the validity of the arrest would allow him to question the validity of his conviction. Therefore his claim that he was arrested in retaliation for exercising his First Amendment rights is barred by *Heck*.

The court next addresses Merchant's claim that excessive force was used against him because he exercised his First Amendment rights. Specifically, Johnson claims he was beaten because he stated that he was going to get a lawyer and sue the officers involved in his arrest. Defendants assert that Merchant's claim must fail because he can not prove his statements caused any use of excessive force.

> The elements of a claim under a retaliation theory are the plaintiff's invocation of 'a specific constitutional right,' the defendant's intent to retaliate against the plaintiff for his or her exercise of that right, a retaliatory adverse act, and causation.

*Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997) (quoting *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995)).

Defendants offer evidence that Johnson admits he does not know why force was used against him. Further they offer third party evidence that the statements in question drew no

response from the officers. Johnson contends the temporal proximity between his statements and the use of physical force is enough for a reasonable jury to determine the use of force was caused by Merchant's statements.

Neither party cites any on point authority for this argument. The court is well aware that in the context of Title VII discrimination the Fifth Circuit has "expressly rejected the notion that temporal proximity standing alone is sufficient to establish but-for causation." *McCullough v. Houston County Texas*, 297 Fed. Appx. 282, 288-89 (5th Cir. 2008) (*Strong v. Univ. Healthcare Sys.*, 482 F.3d 802, 808 (5th Cir. 2007)). Likewise the Fifth Circuit has rejected temporal proximity as showing causation in the context of § 1983 retaliation cases based on prisoner grievances. *Reeves v. Wood*, 206 Fed. Appx. 368, 370 (5th Cir. 2006) (citing *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995)).

In *Reeves*, the Fifth Circuit stated that allowing temporal proximity alone to suffice for causation would result in endless claims of retaliation hampering the efficiency of the penal system. *Id.* (citing *Woods*, 60 F.3d at 1166). The same is true under the instant circumstances. Johnson has a viable claim as to whether or not the police used excessive force against him. Allowing Johnson to expand that claim into multiple claims of retaliation simply because he made a protected statement and was subject to force in proximity to that statement is untenable. Such a rule would create a never-ending series of suits every time any prisoner exercised any constitutional right and then suffered some unwanted treatment whether or not the exercise of the right and the treatment suffered were linked. Without additional proof of causation this claim fails.

As confessed by Johnson all claims against Greenville are dismissed as are all state law

claims brought against Merchant. The court finds Merchant is entitled to summary judgment on the First Amendment retaliation claims. Johnson's claim for use of excessive force remains.

Defendants' motion [43] for partial summary judgement is GRANTED.

This the 1st day of December, 2009.

                                  **/s/ MICHAEL P. MILLS**
                                  **CHIEF JUDGE**
                                  **UNITED STATES DISTRICT COURT**
                                  **NORTHERN DISTRICT OF MISSISSIPPI**